SAMUEL HAWKINS, Appellant, *v.* PHILIP VINEYARD et al., Appellees.

### APPEAL FROM PERRY.

Where a quarter section of land has been sold on execution as one tract, and the defendant has a title to but sixty-five acres of the tract, he cannot redeem the part to which he has title, by paying the proportionate price for which that part sold. The sale being an entire sale, must stand as such, or be wholly vacated.

THIS cause was heard before UNDERWOOD, Judge, at October term, 1851, of the Perry Circuit Court. The opinion of the court contains a sufficient statement of the case.

R. S. NELSON, for appellant.

R. F. WINGATE, for appellees.

TREAT, C. J.    This was a suit in chancery brought by Hawkins against Vineyard and Hoge. The bill alleged in substance, that Vineyard recovered a judgment against complainant, and sued out an execution thereon; that Hoge, as sheriff, levied the execution on a quarter section of land containing one hundred and sixty acres, and that Vineyard purchased the same at the sheriff's sale for $160; that the complainant was the owner of sixty-five acres of the tract, but had no title whatever to the residue; that complainant, within twelve months from the sale, applied to Hoge to redeem the sixty-five acres, and offered to pay him $65 and interest thereon from the day of the sale at the rate of ten per cent. per annum, but Hoge refused to

receive the money and allow the application; complainant brought the amount tendered into court, and prayed that he might be allowed to redeem the sixty-five acres. The court sustained a demurrer, and dismissed the bill.

The quarter section having been sold as one tract, and the complainant having title to but a part thereof, it would be highly inequitable to permit him to redeem that part, and leave the sale in full force as to the remaining portion. The sale was an entire sale, and it should be allowed to stand as such, or be wholly vacated. The complainant should have tendered the whole of the purchase-money and interest, and have redeemed the entire tract. He ought to put the creditor in as good a condition as he was in before the sale. He should give him the benefit of his purchase, or allow him to obtain full payment of his judgment. But the complainant seeks to redeem the sixty-five acres, and at the same time insists that the sale of the rest of the tract shall stand. He would thereby obtain a credit on the judgment by the sale of property in which he had no interest, and from which the creditor could receive no benefit. Equity will not tolerate such injustice. A party who seeks relief at the hands of a court of equity, must perform what is just and equitable on his part.

The decree is affirmed. *Decree affirmed.*