THOMAS JONES, Appellant, *v.* SAMUEL THOMPSON, ABRAM S. FISHBURN, EMMA R. THOMPSON, and THOMAS ELLIS, Sheriff of Marshall county, Appellees.

### APPEAL FROM MARSHALL.

A. had a judgment against B.; C. held a deed of trust upon certain lands from B.; A. sold the lands on his judgment. More than twelve months after the sale, C. had a transfer from A. of his certificate of purchase; D., being a judgment creditor of B., within fifteen months from the sale on the execution of A., redeemed the land and took a sheriff's deed. C. filed his bill to remove the cloud cast upon his title by the deed held by D. *Held*, that C. had not any title to the land that could be clouded, and that D. held the land without any reference to the trust deed of C., or the assignment to him by A.

ON the 13th day of February, 1858, the property in question was sold to Greely and Gale upon an execution on a judgment of Greely and Gale against Thompson, rendered Oct. 17th, 1857.

May 10th, 1858, there was filed for record a deed of trust from Thompson to Jones, the complainant, to secure the payment of $1,139, which deed was dated Feb. 3rd, 1858.

Greely and Gale held, without redemption, their certificate of purchase at said sheriff's sale until the 3rd of April, 1859, which was more than twelve months after the date of the sheriff's sale; and on that day, Jones, the holder of the trust deed, bought from

Greely and Gale the sheriff's certificate of purchase, and had it assigned to him.

At the May term, A. D. 1859, of the Marshall Circuit Court, Abram S. Fishburn recovered a judgment against Thompson for $1,499, and on the 2nd of May, 1859, took out his execution, caused it to be levied upon the property in question, and on that day deposited with the sheriff the proper amount to redeem from the judgment sale to Greely and Gale, and on the 4th of June, 1859, the property was sold by the sheriff, under Fishburn's execution, for the exact amount of said redemption money, and the sheriff at once made Fishburn a sheriff's deed of the property.

Complainant, Jones, claims that on the 15th of April, 1859, he took possession of the property, and continued such possession until after the filing of the bill.

June 25th, 1859, Jones, the complainant, sold the property, under the deed of trust and power of sale, for $1,050, to Cook.

On the 21st of September, 1859, Cook conveyed his title to complainant for $1,070.

The bill was filed on the 22nd of September, 1859, asking the court to remove the cloud upon Jones' title, caused by the existence of Fishburn's title. The Circuit Court, on hearing, dismissed the bill, and complainant appealed.

RICHMOND & BURNS, for Appellant.

T. L. DICKEY, for Appellees.

CATON, C. J. There is nothing in the record to sustain the allegation in the bill, that Fishburn's judgment against Thompson was fraudulent, and hence it must be treated as a valid judgment.

There was no redemption from the sale under the Greely and Gale judgment, either by Thompson, the judgment debtor, or by Jones, his grantee, prior to the expiration of twelve months. Those titles were then forever gone. The grantee in the trust deed had no more real interest in the premises than as if that deed had never existed. It was totally extinguished, except that the bare legal title may have remained in the grantee, till it was divested by the execution of the sheriff's deed. Admitting for the present, what we are by no means prepared to concede in fact, that the doctrine of merger would have applied, had the grantee in the trust deed purchased the certificate of sale executed by the sheriff, on the sale under the Greely and Gale judgment, before he had lost all right and title under the deed of trust, by the expiration of the twelve months, there can

be no pretense of any merger of the right under the certificate after that, for there was in fact no interest under the trust deed into which it could merge.   There was nothing alive which could absorb it.   There was no incumbrance to which it could be tacked. When Fishburn redeemed under his subsequent judgment, he had only to redeem from the prior sale, without any reference to the deed of trust.   This he did do.   The decree must be affirmed.                                   *Decree affirmed.*