JEFFERSON DURLEY

*v.*

ROBERT DAVIS.

SAME *v.* SAME.

1. REDEMPTION—*right is purely statutory.* The right of a judgment creditor to redeem from a previous judicial sale is purely statutory, and the right must be exercised in the manner required by the statute, or it will be invalid.

2. SAME—*of a less interest than sold, not allowed.* Where judgment is recovered against two defendants, each of whom own an undivided one-fifth of a tract of land, and their interest is sold together, being the undivided two-fifths, a judgment creditor of one of them has no right to redeem as to the interest of his debtor by paying one-half the amount for which the land sold, with interest.

APPEAL from the Circuit Court of Putnam county; the Hon. SAMUEL L. RICHMOND, Judge, presiding.

This was an application by Robert Davis for a rule upon Jefferson Durley, sheriff of Putnam county, to compel him to execute deeds upon two certificates of purchase. The opinion of the court states the facts.

Messrs. DENT & BLACK, for the appellant.

Messrs. BANGS & SHAW, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

Samuel H. Condit and Pierre Condit were each of them seized of an undivided one-fifth of certain lands in Putnam county. Certain judgments were obtained against them, upon which executions were issued, and levied upon the undivided two-fiths of the lands. A sale was made January 4th, 1871, by the sheriff, and one Bachmen became the purchaser. He subsequently sold his certificate of purchase to appellee.

After the sale, Edward F. Pulsifer recovered a judgment against Samuel H. Condit, and after the expiration of twelve months, the lands not having been redeemed, he sued out an execution upon his judgment and placed it in the hands of the sheriff, and caused it to be levied upon an undivided one-fifth of the lands as the property of Samuel H. Condit, and paid over to the sheriff one-half of the amount for which the undivided two-fifths of the lands had been sold, with interest at ten per cent, as required by the statute. The sheriff issued a certificate of redemption, and advertised and sold the undivided one-fifth of the lands, and Pulsifer became the purchaser, and a deed was made to him by the sheriff.

Upon the expiration of fifteen months, appellee applied to· the sheriff for a deed for the undivided two-fifths of the lands. The sheriff declined to convey the undivided one-fifth which had been conveyed to Pulsifer.

Appellee then applied to the circuit court of Putnam county for a rule upon the sheriff to convey, and the court granted· the rule and rendered judgment against the sheriff for costs, from which judgment Jefferson Durley, the sheriff, appeals to this court.

There is but one question arising upon the record in this case: Can the undivided interest of one of two defendants in execution be redeemed from a sale upon an execution, by depositing with the proper officer a proportion of the redemption money of the entire tract equal to such undivided share?

The answer to this depends upon the construction of our statute, as the right of redemption is purely statutory, and that right must be exercised in the manner required by the statute, otherwise it will be invalid. *Littler* v. *The People,* 43 Ill. 190.

The statute declares that the judgment creditor shall pay to the officer into whose hands he shall have placed his execution, the amount of money for which the premises may have been sold, with ten per cent per annum interest thereon from the date of such sale, for the use of the purchaser, upon the payment of which the officer is authorized to file a certificate of the redemption of the lands by the judgment creditor.

Section 16, Revised Laws of 1845, page 303, provides: "Any judgment creditor or creditors may redeem the whole or any part or portion of the lands or tenements previously sold upon execution, provided such redemption shall be made in the like distinct quantities or parcels in which the same were sold."

Pulsifer, the judgment creditor, did not comply with the statute in redeeming the lands sold. He was required to pay the amount for which the lands sold, and ten per cent interest

thereon from the date of sale.   Instead of doing this, he paid only one-half that amount.   This can not be regarded as a redemption, neither did it confer any authority on the sheriff to file a certificate of redemption.

The statute nowhere provides that a judgment creditor may redeem by paying any less sum than the full amount for which the lands sold, and ten per cent interest thereon from the date of sale.   The language used is plain and free from doubt.

When Bachmen purchased at the sheriff's sale the lands levied upon, which were the undivided two-fifths, he or his assignee, upon the expiration of the time allowed by law for redemption, was entitled to a deed for the lands sold, or the full amount bid, with the interest thereon, as provided by the statute.

It is insisted that the case should be treated as if the sheriff had in the first instance sold each undivided fifth separately. We can not so regard it.   Had each interest been sold separately, the purchaser might with propriety have bid one amount for one fifth and a different amount for the other.

It may have been that the interest of Pierre Condit was encumbered for its full value, and the bid made by Bachmen was predicated solely in the interest of Samuel H. Condit in the lands.   If such was the case, it would be manifestly unjust to require him to take one-half of the redemption money and be compelled to take a deed for the interest of Pierre Condit, which was valueless.   The necessary effect of this would be, that Bachmen would lose one-half of his bid on the lands.

The construction contended for can not be sustained without disregarding the statute and the rights of the purchaser acquired under it.   We do not, however, regard the question involved in this case as an open one in this State.   It has been substantially settled by previous decisions of this court. *Hawkins* v. *Vineyard et al.* 14 Ill. 26; *Titsworth* v. *Stout,* 49 Ill. 78; *Fischer* v. *Eslaman,* 68 Ill. 78.

This case, and another one between the same parties, involving the same question, were consolidated and considered together as one case, and this opinion is intended for both cases.

As we are satisfied the circuit court decided the question raised correctly, the judgment will be affirmed.

*Judgment affirmed.*