Syllabus.

WILLIAM SCHUCK

*v.*

JOHN GERLACH, Sheriff, etc.

*Filed at Mt. Vernon January 18, 1882.*

1. REDEMPTION—*what judgment creditor may redeem.* Where land is sold under a decree of foreclosure on a bill in which the heirs of the deceased mortgagor are made parties, a judgment creditor of one of the heirs may redeem from such sale such heir's interest, and have the same sold under his execution.

2. SAME—*may be of an undivided interest.* Under the present statute one of several joint owners of land sold under execution, or decree of foreclosure, may redeem whatever interest he has in the same, and so also a judgment creditor of a joint owner may redeem the interest of his debtor.

3. SAME—*former decision.* The ruling on this question in *Durley* v. *Davis,* 69 Ill. 133, that a judgment creditor of one of several persons owning land as tenants in common, could not redeem from an execution sale of the entire premises, as to the interest of his debtor, by paying a proportionate part of the amount for which the land was sold, is no longer the law, under sec. 26, ch. 77, Rev. Stat. 1874, p. 625.

4. SAME—*as to part not previously redeemed.* A judgment creditor of a deceased mortgagor, whose claim has been allowed against the estate of the mortgagor, may, after two-fifths of the premises have been redeemed and sold by judgment creditors of the heirs, redeem the remaining three-fifths upon a special execution from the county court.

5. SAME—*irregularity in execution will not defeat redemption.* An execution was sued out of the county court on a claim allowed against the estate of a deceased mortgagor, in the name of the assignee of the claim, under which the assignee, as a judgment creditor, redeemed land of the mortgagor sold under decree of foreclosure: *Held,* that while it was irregular to issue the execution in the name of the assignee, it was not void, and that in a collateral proceeding it could not be attacked, and that the redemption under it was valid.

6. SAME—*favored.* Redemptions are looked upon with favor, and where no injury is to follow, a liberal construction will be given to redemption laws, to the end that the property of the debtor may pay as many of his liabilities as possible.

APPEAL from the Circuit Court of Randolph county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

This was a petition for a writ of *mandamus*, brought by appellant, to compel the execution by appellee, sheriff of Randolph county, of a deed for the lands described in the petition, under substantially the following facts:

At the September term, A. D. 1879, of the Randolph county circuit court, one Roxana Phillipps obtained a decree of fore-closure against James B. Vinson, Mary A. Vinson, Margaret Vinson, and Elizabeth Kelley, the heirs of Alfred L. Vinson, deceased, and Robert H. Mann, administrator of his estate, upon a trust deed given by Alfred L. Vinson, in his lifetime, upon the lands. At a sale under the decree, by the master in chancery, on the 24th day of November, 1879, Roxana Phillipps purchased the lands. On the 23d day of February, 1881, one Thomas A. Simpson, having an allowance of record in the county court of Randolph county against the estate of Alfred L. Vinson, sued out a special execution, for the purpose of redeeming these lands, and deposited with the appellee the amount of money due Roxana Phillipps, where-upon appellee issued a certificate of such redemption, and levied the special execution upon the lands. At the sale under this execution, on the 25th day of March, 1881, Schuck, the appellant, purchased the land, and appellee issued to him a certificate of purchase therefor. On the 19th day of March, 1881, one Sarah Phillipps caused an execution to issue out of the office of the clerk of the Randolph county circuit court, upon a transcript judgment in favor of Ellen Cragan, and against James B. Vinson, and deposited with the appellee one-fifth of the amount of money due appellant, for the pur-pose of redeeming the undivided one-fifth of said premises from appellant, whereupon the appellee levied upon the undi-vided one-fifth of said premises, and sold the same as the property of James Vinson, the defendant in such execution. On the 20th day of May one Samuel S. Simpson, having a judgment against Elizabeth Kelley, and Stephen Kelley, her husband, in the Randolph county circuit court, caused execu-

tion to issue, and deposited with appellee one-fifth of the amount due appellant, for the purpose of redeeming the undivided one-fifth of said premises from appellant, whereupon the appellee levied the execution upon the undivided one-fifth of said premises, and sold the same as the property of Elizabeth Kelley, one of the defendants in the execution. On the 19th day of May, 1881, one Albert Phillipps, assignee of one Walter Lanham, who had an allowance against the estate of said Alfred L. Vinson, deceased, sued out a special execution for the purpose of redeeming the undivided three-fifths of said premises from the appellant, and deposited with the appellee three-fifths of the amount due appellant, whereupon appellee levied upon the undivided three-fifths of said premises, and after giving notice sold the property.

Appellant denied the right of these various persons to redeem the lands in the manner stated, and refused to accept all sums of money deposited with appellee, and on the first day of June, 1881, demanded of appellee a deed for the premises upon his certificate of purchase, which deed appellee refused to execute, and appellant brought this petition for a writ of *mandamus* to compel the appellee to execute the deed.

Mr. JAMES J. MORRISON, for the appellant.

Messrs. JOHNSON & HORNER, for the appellee.

Mr. CHIEF JUSTICE CRAIG delivered the opinion of the Court:

It appears from the record that Alfred L. Vinson, the mortgagor, after the execution of the mortgage, and before the filing of the bill to foreclose, in August, 1878, died intestate, leaving as his only heirs his mother, Mary A. Vinson, and James B. Vinson, a brother, and Margaret Vinson and Elizabeth Kelley, his sisters. These heirs, and the administrator of the estate, were made parties defendant to the bill. A

decree was rendered, the mortgaged premises sold, but no redemption was made within a year, and the first question presented by the record is, whether a person holding a judgment against either of the defendants, James B., Mary A., Margaret Vinson, or Elizabeth Kelley, can be regarded as judgment creditors within the meaning of the statute, and entitled to redeem from the foreclosure sale under the mortgage.

We do not regard the point presented an open question in this State, but on the other hand, the right of such a creditor to redeem as a judgment creditor, within the meaning of the statute, was fully settled in *Lamb* v. *Richards*, 43 Ill. 312. In that case, Richards, after having executed a mortgage on certain lands, conveyed the same to Lamb. The administrator of the estate (Richards having died) and Lamb were made parties defendant to a bill to foreclose the mortgage, a decree of foreclosure was rendered, the land sold, and after the expiration of twelve months the judgment creditors of Lamb were allowed to come in and redeem from the sale under the mortgage as judgment creditors, within the meaning of the statute. Here, the Vinson heirs, who were defendants in the foreclosure proceedings, occupy precisely the same position that Lamb occupied in the case cited, except that here they acquired title to the mortgaged premises by descent, while in the case cited Lamb acquired title by purchase from the mortgagor, which can make no difference. The Vinsons occupy the same position that they would had they obtained title by deed from the mortgagor. *Lamb* v. *Richards* must, therefore, be regarded as conclusive upon the question that a creditor holding a judgment against one of the Vinsons had the right, under the statute, to redeem from the mortgage sale as a judgment creditor.

It is claimed that redemption could not be made of an undivided interest,—that the whole sum for which the land sold, with interest, should have been paid, in order to effect

a redemption. The position of appellant on this point, under the statute of 1845, would no doubt be correct, as held in *Durley* v. *Davis,* 69 Ill. 133; but under our present statute a joint owner of land sold may redeem whatever interest he has in the land sold, upon payment of his proportion of the amount which would be necessary to redeem the whole. So, also, a judgment creditor of a joint owner may redeem. (Sec. 26, Rev. Stat. 1874, p. 625.)

It is next urged, that the attempted redemption of Albert Phillipps of the undivided three-fifths of the land purchased by Schuck was unauthorized. After appellant had made a redemption from the mortgage sale, and become the purchaser of the premises himself, judgment creditors of the mortgagor, Alfred L. Vinson, had sixty days allowed them to redeem from him. Before Phillipps undertook to make a redemption, two-fifths of the premises had been redeemed, and when he, as a judgment creditor, undertook to redeem, three-fifths only of the land remained subject to redemption. But no reason is perceived which would prevent him from redeeming such portion of the lands as had not been redeemed, if he saw proper to do so. He was a judgment creditor of the original mortgagor, and under the statute he had a right to redeem any part or portion of the lands which had not been redeemed when he undertook to effect a redemption. The statute gave him the right of redemption, and the fact that other creditors had preceded him and redeemed a portion of the lands sold, did not deprive him of the right conferred by the statute, so long as any of the lands remained unredeemed. The claim upon which Phillipps redeemed was allowed in the county court, in the name of Walter Lanham, and assigned to Phillipps. It was no doubt irregular to issue the special execution in the name of Phillipps, but the execution was not for this reason void, and in this collateral proceeding its validity can not be questioned by appellant. Redemptions are looked upon with favor, and when no injury

is to follow, a liberal construction will be given our redemption laws, to the end that the property of the debtor may pay as many of the debtor's liabilities as possible. Here the full amount of the redemption money due appellant under the law is in the hands of the officer, subject to his order, and he can suffer no loss by the decision of the circuit court holding that the lands were redeemed in conformity to the statute.

The judgment will be affirmed.

*Judgment affirmed.*