## JESSE OLDFIELD

### *v.*

### NICHOLAS EULERT *et al.*

*Filed at Ottawa November 29, 1893.*

1. REDEMPTION—*a purely statutory right.* The right of redemption from a judicial sale is purely statutory, and must be exercised in the manner prescribed by the statute.

2. SAME—*laws allowing, liberally construed.* Redemptions are looked upon with favor, and where no injury is to follow, a liberal construction will be given our redemption laws, to the end that the property of the debtor may pay as many of his debts as possible.

3. SAME—*must embrace all the lands sold.* It is well settled that where two or more lots or tracts of land have been sold *en masse*, the redemption can only be *en masse.* There can not be a redemption of a part.

4. Where two tracts of land are sold *en masse* they can be redeemed only in like manner, and the sheriff, in selling under the execution upon which redemption is made, must offer and sell the land *en masse.* If the judgment creditor causes the tracts to be sold separately, he will be regarded as having abandoned his redemption, and to have made his sale wholly independent of it.

5. SAME—*under execution—levy and sale necessary to title.* The fact that a judgment creditor has effected a redemption from a judicial sale does not, alone, vest in him the title of the debtor. There must not only be a redemption, but also the levy of a valid execution, and a sale by the officer or person authorized by law to make the same, followed by a deed made in conformity with the statute.

6. The right to redeem by a judgment or decree creditor, when the redemption is made in accordance with the provisions of the statute, carries with it the right to have the property sold upon the execution under which the redemption is made, to repay the redemption money, interest thereon and costs, in satisfaction of the redeeming creditor's execution.

7. SAME—*of land sold en masse in two counties.* Where two tracts of land in different counties are sold *en masse*, on decree of foreclosure, and the same are redeemed by a judgment creditor, the sheriff holding the execution may rightfully levy upon both tracts and sell them together.

8. SHERIFF—*right to levy on and sell land out of his county.* Under our laws sheriffs are county officers, and their duties, unless otherwise

prescribed by law, are to be performed within their respective counties. Ordinarily, an execution, whether from his own county or from another county, will authorize the sheriff, when directed, to levy upon and sell property found in his county, only; and if none can there be found, it will be his duty to return the writ accordingly. But the legislature may confer on sheriffs the power to sell land not within their counties.

APPEAL from the Circuit Court of Will county; the Hon. DORRANCE DIBELL, Judge, presiding.

Mr. C. W. BROWN, for the appellant.

Mr. R. E. BARBER, and Messrs. HALEY & O'DONNELL, for the appellees.

Mr. JUSTICE SHOPE delivered the opinion of the Court:

This was a bill in chancery, by appellees, to quiet title in themselves, and to remove as a cloud upon their title a deed from George Hoffmeier to appellant, dated August 25, 1890, and decree was entered accordingly. The bill alleges, and the answer admits, that in May, 1884, said Hoffmeier, being the owner of two adjoining tracts of land, one lying in Will and the other in DuPage county, joined by his wife, made and delivered to Joseph Yackley their deed of mortgage upon both of said tracts to secure payment of $6375, and on the 13th day of October, 1887, executed and delivered their second mortgage to said Yackley to secure the further sum of $1400, upon all of said land; that the sums secured, respectively, being past due and unpaid, Yackley filed his bill in the DuPage circuit court to foreclose both of said mortgages; that at the March term, 1889, of said court a decree of foreclosure was entered, and the master in chancery of that court ordered to sell the mortgaged premises; that the master, conformably to the decree, sold the same *en masse*, to Yackley, and a certificate of purchase issued to him accordingly. No question is made as to the regularity of the decree of foreclosure and sale to Yackley.

It is also admitted that appellees, severally, obtained judgments at law against Hoffmeier in the Will county circuit court, and no redemption having been made from said foreclosure sale within twelve months from its date, after the expiration of twelve months and within fifteen months from the date of such sale, executions issued on said judgments, the same being in full force, directed to the sheriff of DuPage county, and were delivered to him by appellees, who at the same time paid said sheriff the amount of the bid of said Yackley at said sale, with interest and costs, and said sheriff on the same day endorsed a levy on said executions upon said lands, and each tract thereof, and made and filed a certificate of redemption as required by the statute, (Rev. Stat. chap. 77, sec. 19,) and thereupon advertised a sale of said land as provided by law, (Rev. Stat. chap. 77, sec. 20,) and on June 28, 1890, sold the same to appellees, *en masse*, for an advance of $1270.96 upon the redemption money paid, and issued his certificate of purchase accordingly. The premises not having been redeemed from this sale as provided by law, (Rev. Stat. chap. 77, sec. 23,) the sheriff, on September 1, 1890, made and delivered his deed for said lands to appellees. On the 27th day of August, 1890, appellant, for an expressed consideration of $400, procured a quitclaim deed from Hoffmeier to himself to the Will county land, and is claiming thereunder to be the owner of it, and asserting right to the possession thereof, and to the accrued and accruing rents and profits.

That the general executions issued to DuPage county, upon appellees' judgments in the Will county circuit court, were valid writs, and empowered the sheriff of DuPage county to levy upon and sell, to satisfy the same, any property of the debtor in his county not exempt by law, does not, upon this record, admit of question, and it necessarily follows that appellees, as judgment creditors, had, under said executions, the right to redeem the land of the debtor within that county from prior judicial sales, within the time and in the mode prescribed

by the statute for such redemption. (Rev. Stat. chap. 77, sec. 20.) Appellees having strictly pursued the provisions of the statute, there was a valid redemption of the land in DuPage county, and by the statute it became subject to re-sale, under these executions, for the repayment of the redemption money, and to satisfy the appellees' judgments, etc.

The right. of redemption is purely statutory, (*Durley* v. *Davis*, 69 Ill. 133,) and must be exercised in the manner prescribed by the statute. It is provided (chap. 77, sec. 25,) that any person entitled to redeem may redeem the whole or any part of the premises in like distinct parcels or quantities in which the same are sold, and it is well settled that where two or more lots or tracts of land have been sold *en masse*, the redemption can only be *en masse*,—there can be no redemption of a part. (*Hawkins* v. *Vinyard*, 14 Ill. 26; *Oliver* v. *Crosswell*, 42 id. 41.) Having the right to redeem as to the DuPage county land, the redemption necessarily was of both tracts sold. It does not follow, however, that because redemption has in fact been effected, appellees acquired title to the land. There must not only have been redemption, but also a levy of a valid execution, and a sale by the person or officer authorized by law to make the same, followed by a deed made in conformity with the statute. *Meyer* v. *Mintonye*, 106 Ill. 414; *Turney* v. *Young*, 22 id. 255; *Richards* v. *Hyde*, 21 id. 640; *Brooks* v. *Sanders*, 110 id. 455.

We have in this case no question of the validity of the judgment or process upon which the redemption and sale were made, as in the cases last cited; but the question is, whether, admitting redemption was made, the sheriff of DuPage county was by law authorized, under the executions in his hands, to sell, and if no redemption was made from such sale, to convey the land in Will county. It is true, as contended by counsel for appellant, that sheriffs are, under our laws, county officers, and their duties, unless otherwise prescribed by law, are to be performed within their counties, respectively. Ordinarily,

an execution, whether issued upon a judgment in his own county or another, will authorize the sheriff to whom it is directed to levy upon and sell property to be found in his county only, and if none can be there found it will be his duty to return the writ accordingly. But no reason exists why the legislature may not confer power upon sheriffs to sell lands not lying within the county, or to perform other duties in respect of property within the State. Such power is constantly exercised in sales under decrees in chancery throughout the State, without detriment to any public or private interest. Has this power been conferred on sheriffs in cases like the one at bar?

We said in *Schuck* v. *Gerlach*, 101 Ill. 338: "Redemptions are looked upon with favor, and where no injury is to follow, a liberal construction will be given our redemption laws, to the end that the property of the debtor may pay as many of the debtor's liabilities as possible." When the time in which the debtor may redeem from a valid sale of his property has expired, he has no further right to or interest in the property sold, (*Jones* v. *Thompson*, 26 Ill. 177; *Massey* v. *Wescott*, 40 id. 160; *Pearson* v. *Pearson*, 131 id. 464; *Smith* v. *Mace*, 137 id. 68;) and any excess over the amount necessary to redeem must be lost to him, unless, by redemption, it is further applied in payment of his debts. To facilitate this humane purpose, as well as to protect junior judgment and decree creditors, successive redemptions are allowed. The statute being remedial, is to be construed liberally to effectuate the remedy and carry out its evident spirit and purpose.

We have already seen that when tracts of land are sold *en masse* they can be redeemed only in like manner, and it is equally well settled that the sheriff, in selling under the execution upon which redemption is made, must offer and sell the land *en masse*. In *Oliver* v. *Crosswell, supra,* this court held, that when two lots of land had been sold together under execution, a judgment creditor who seeks to redeem from such

sale must cause the lots to be sold together under his execu-
tion in like manner as they were sold originally, in order to
consummate the redemption, and that when he caused the
lots to be sold separately on his execution, he was to be re-
garded as having abandoned his redemption and to have made
his sale wholly independent of it. The reason for the rule is
obvious. When sales are thus made it would be impossible
to determine what portion of the money required to redeem
should be applied in redemption of each separate tract, hence
the statute allows redemption to be made only in like parcels
and quantities in which the land was sold, and having re-
deemed *en masse*, as he must do, the statute (chap. 77, sec.
21,) provides that the redeeming judgment or decree creditor
"shall be considered as having bid at such sale (*i. e.*, the sale
on his execution,) the amount of the redemption money so
paid by him" to redeem, with interest and costs. If no more
is bid, the premises redeemed are to be struck off to the person
making the redemption, at that bid, and a deed is to be forth-
with executed; but if more is bid than the redemption money,
interest, and costs of the redemption and sale, redemption
therefrom is again allowed within sixty days from the last
sale, (sec. 22,) and so on, until a sale shall be made at which
no more than the redemption money, interest thereon and
costs shall be bid. (Sec. 23.)

It is manifest that the sheriff or the creditor is not author-
ized to divide up the bid the creditor is to be held to have
made in consummation of his redemption, and to apportion it
upon the tracts of land severally. An attempt to do so would
be a clear departure from the mode prescribed by the statute,
an observance of which alone authorizes redemption. If, then,
when land is sold *en masse* lying in two or more counties it
can only be redeemed together, and must be offered and sold
*en masse* after redemption, it follows, that if the sheriff of one
county or the other can not sell under an execution directed
to him, no statutory redemption can be made. That such

cases may frequently occur will be conceded, and it must be presumed that they were within the legislative contemplation in the passage of the acts providing for redemption. It is clear from the language of section 20 of the act, that it was intended to confer a right of redemption upon judgment and decree creditors in all cases where the debtor may redeem under the statute, and fails to do so within the time limited. If the redemption is not made by the debtor within twelve months, as provided in section 18 of the act, then any judgment or decree creditor may, within the three months following, redeem, and the manner of perfecting the redemption, in all cases falling within the statute, is prescribed. (Sec. 20.) No one will for a moment question the right of the debtor to redeem from the foreclosure sale, and if he had such right, and failed to exercise it as prescribed, the right is by the statute expressly conferred on judgment creditors.

The right to redeem by a judgment or decree creditor, when the redemption is made in accordance with the provisions of the statute, carries with it the right to have the property sold upon the execution under which the redemption is made, to repay the redemption money, interest thereon and costs, and in satisfaction of the redeeming creditor's execution. Section 20 prescribes that upon the redemption being made, the sheriff or other proper officer having the execution under which the redemption is made, shall advertise and offer the premises for sale under the execution, as in other sales on like process. The power of the sheriff is not limited to sale of property in his county, but the duty is imposed, generally, to sell the premises redeemed, and his authority to thus sell is not at all affected by the fact that one or more of the tracts of land included in the redemption are situated in another county. In respect of the debtor, and his rights in the property, the judgment creditors were, by their redemption under valid process, substituted for the original purchaser, and all the rights and equities he acquired by his purchase, by operation of law,

passed to and vested in them, to be worked out for their benefit by a re-sale of the property under their executions. *Herdman* v. *Cooper*, 138 Ill. 538; *Schroeder* v. *Bauer et al.* 140 id. 135; *Smith* v. *Mace*, 137 id. 68.

The redemption, so far as it depended upon the validity of the process and the acts of the creditors seeking to redeem, was made in conformity with the law, and the sheriff of DuPage county, in execution of the writs in his hands, was authorized and required by the statute to complete the redemption by a sale of the property as a whole, in like manner as it had been sold at the prior sale. When appellant obtained his deed from Hoffmeier, the right of redemption of the latter had expired and his rights were gone. At most, Hoffmeier could only have had a right of redemption from the sale under appellees' executions. Neither the debtor nor appellant, or any other person, made redemption therefrom, and upon expiration of the time allowed therefor, the sheriff, in conformity with the statute, executed and delivered his deed conveying the property to appellees, as he was by the statute required to do. We are of opinion that thereby the title to the land in controversy was conveyed to appellees, and that appellant took nothing by his deed from the debtor.

It is also urged that appellees, at the time of filing their bill, were not in possession of the premises, or if they were, that their possession was tortious, and therefore the bill can not be maintained. No profit could be derived by an extended discussion of the facts pertaining to that subject. It must suffice that we have carefully considered the pleadings and evidence, and are of opinion that, as against appellant, the chancellor was warranted in finding that appellees were not only in the peaceable, but rightful, possession of the property.

The decree of the circuit court in accordance with the prayer of the bill was correctly entered, and will be affirmed.

*Decree affirmed.*