(No. 14025.—Reversed and remanded.)

C. F. WIEHE, Defendant in Error, *vs.* MATILDA C. EBER-
HART *et al.* Plaintiffs in Error.

*Opinion filed December 22, 1921—Rehearing denied Feb. 8, 1922.*

1. MORTGAGES—*decree foreclosing trust deeds on different tracts should not make the total debt a lien on all the land.* Where two parties have joined in a trust deed on several tracts of land to secure a loan for which they give their joint notes, and one of the parties subsequently gives another trust deed on only one of the tracts, which was his individual property, in a suit by the owner of all the notes to foreclose both trust deeds the decree should not make the entire debt a lien on all the tracts and authorize a sale *en masse* for the amount due under both trust deeds, as such a decree interferes with the right of the party to redeem who had joined in only the one trust deed.

2. SAME—*when objection need not be made to master's report of sale.* Mortgagors whose rights of redemption are prejudiced by an erroneous decree of sale on foreclosure need not object to the master's report of sale which is made in accordance with the terms of the decree, as objections to the report of sale are unavailing where the error is in the decree.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on writ of error to the Circuit Court of Cook county; the Hon. M. W. PINCKNEY, Judge, presiding.

ASHCRAFT & ASHCRAFT, (E. M. ASHCRAFT, of counsel,) for plaintiff in error.

SCHUYLER & WEINFELD, (CARL J. APPELL, of counsel,) for defendant in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

Plaintiffs in error filed their petition in this court for a writ of *certiorari* to review a judgment of the Appellate Court affirming a decree of foreclosure of the circuit court

of Cook county. The writ was granted and the case is before us for review.

In March, 1915, Frank N. Eberhart and his mother, Matilda C. Eberhart, gave their joint and several promissory notes for $25,000 loaned Frank N. Eberhart by H. N. Rose. To secure the notes Frank N. Eberhart and Mrs. Eberhart joined in a trust deed conveying to the trustee four tracts of land, called in this record tracts A, B, C and D. Tracts A, B and C were the sole property of Frank N. Eberhart and tract D was the sole property of Mrs. Eberhart. In September, 1916, Eberhart became indebted to Nathan Neufeld in the sum of $3000, for which he gave his individual promissory note and secured the same by an additional trust deed on tract A. Defendant in error, Wiehe, became the owner of all of said notes and in June, 1917, filed his bill to foreclose both trust deeds. No question is raised as to his right to foreclose or as to the amount due on the notes. Prior to filing the bill the Chicago Title and Trust Company had become the owner of tract B, subject to incumbrances. The bill alleges correctly the ownership of the land at the time the notes and trust deeds were executed and that the additional trust deed on tract A was given to secure an individual note of Eberhart for $3000. The cause was referred to the master in chancery to take testimony and report conclusions. The master reported there was due under the notes and trust deed executed by Frank N. and Matilda C. Eberhart $31,717.17, which was a valid lien on tracts A, B, C and D, and that there was due under the note and trust deed executed by Frank N. Eberhart $3321.67, which was a valid lien on tract A. The master recommended a decree of foreclosure in the usual form in accordance with the bill. The decree did not follow the bill and master's report, but found there was due complainant from defendants, Frank N. and Matilda C. Eberhart, $35,038.84, which was the aggregate amount found due by the master under both notes and trust deeds, and the de-

fendants were decreed to pay the aggregate sum within three days, and in default of such payment all of said premises, tracts A, B, C and D, or so much thereof as may be necessary to pay the amount found due, with interest and costs, be sold by the master in chancery. Payment was not made, and the master sold the four tracts to complainant for the debt and costs. The master reported he offered the property in separate lots and parcels and in every combination of lots and parcels less than the whole, but receiving no bids he then offered the four tracts as a whole and they were bid off by complainant for $35,947.55, that being the aggregate amount of principal, interest and costs under both trust deeds. This writ of error is prosecuted by Matilda C. Eberhart and the Chicago Title and Trust Company.

The error in the decree complained of is, that it adds the amount due under the $3000 note of Frank N. Eberhart and the trust deed given by him on tract A, which was his individual property, to the amount found due on the notes of Frank N. and Matilda C. Eberhart, and the trust deed executed by them, embracing the three tracts belonging to Frank N. Eberhart and tract D, which belonged to Matilda C. Eberhart, makes the aggregate amount of the two a lien on all four tracts, and orders the sale of all of them to pay said aggregate sum. Defendant in error does not contend that this was not erroneous, as we understand his brief, but it is claimed that "any obscurity in the decree that can be cleared up by an inspection of other parts of the record is cured." It is argued that the maxim *Id certum est quod certum reddi potest* applies; that the pleadings, master's report and other parts of the record cure what plaintiffs in error call the "obscurity" of the decree and what the Appellate Court called "the ineptness of the decretal language."

The master's report was correct. It found the amount due under the first trust deed was a lien on all four of

said tracts, and the amount due on the second trust deed executed by Frank N. Eberhart was a lien on tract A. The decree, however, declares the aggregate of the two notes and trust deeds to be a lien on all four tracts and directs the payment of the aggregate sum by the Eberharts, or in default that the four tracts, or so much of them as is necessary, be sold to pay the same. The second trust deed executed by Frank N. Eberhart alone, and embracing only tract A, was made a lien on all four tracts, one of which (tract D) is the individual property of Matilda C. Eberhart and one of which (tract B) is now owned by the Chicago Title and Trust Company, subject to the lien of the first trust deed. The master was bound to execute the decree according to its terms and directions and had no right to depart from it. The master did follow the directions of the decree, and receiving no bids for the property offered in parcels or combinations, sold it *en masse* for the amount due under both trust deeds, one of which embraced only tract A. This was not a harmless error. Under section 18 of chapter 77 of Hurd's Statutes, if Mrs. Eberhart desired to exercise her right to redeem her land she would be obliged to pay the full amount decreed to be a lien against it, for the payment of which it was ordered sold, including more than $3000 under the second trust deed given by Frank N. Eberhart and which embraced only tract A. (*Oldfield* v. *Eulert*, 148 Ill. 614; *Hawkins* v. *Vineyard*, 14 id. 26.) So, also, the Chicago Title and Trust Company, if it desired to redeem, would have been obliged to pay off the second trust deed, which did not embrace its property, tract B. The same would have been true if plaintiffs in error had .desired to pay the lien on their property before sale.

It is said by defendant in error that plaintiffs in error should have objected to the master's report of sale. The sale was made in accordance with the terms of the decree and objections to the report of sale would have been un-

availing, as the error was in the decree, which the master followed in making the sale.

The judgment of the Appellate Court and the decree of the circuit court are reversed and the cause remanded to the circuit court.

*Reversed and remanded.*

———

(No. 13979.—Reversed and remanded.)
THE PEOPLE *ex rel.* W. B. Traughber *et al.* Appellees, *vs.*
W. C. CHYNOWETH *et al.* Appellants.

*Opinion filed December 22, 1921—Rehearing denied Feb. 8, 1922.*

1. SCHOOLS—*act for organization of community consolidated school districts is not invalid.* The act of 1919 for the organization of community consolidated school districts does not violate section 13 of article 4 of the constitution. (*People* v. *Exton,* 298 Ill. 119, and *People* v. *Moyer,* id. 143, followed.)

2. SAME—*community consolidated school district may be organized in only one county.* The organization of community consolidated school districts under the act of 1919 is not limited to territory lying in two or more counties but such district may be made up of territory lying entirely in one county. (*People* v. *Shultz,* 298 Ill. 125, followed.)