Pauline Carabelli, Complainant, v. Louis Carabelli et al., Defendants.
Louis Carabelli and Pia Carabelli, Cross Complainants, v. Anton Presern et al., Defendants.
Anton Presern, Cross Complainant and Appellee, v. Louis Carabelli et al., Defendants.
Appeal of Louis Carabelli and Pia Carabelli, Appellants.

Gen. No. 35,646.

Opinion filed May 17, 1932.

Charles J. Trainor, for appellants.

Isadore S. Blumenthal, for appellee; Lewis Bennett and B. M. Steiner, of counsel.

Mr. Justice Kerner delivered the opinion of the court.

April 12, 1929, Pauline Carabelli filed her bill for partition against Louis Carabelli, Pia Carabelli, his wife, Anton Presern and others, alleging that she was the owner of an undivided three acres of certain lands in Cook county, Illinois, and that Louis Carabelli and

Pia Carabelli were the owners of the balance of said tract of land, and praying for partition thereof. Louis Carabelli and Pia Carabelli filed their answers, admitting the allegations of the bill. Anton Presern filed a cross-bill in which he claimed to be the owner of an undivided one-half of said real estate free of all liens and incumbrances. Louis Carabelli and Pia Carabelli also filed their cross-bill in which they alleged that they were the owners of an undivided one-half of said premises, less the three acres owned by Pauline Carabelli; that Anton Presern was the owner of the other undivided one-half, but that they were entitled, as against Anton Presern, to equitable contribution for the amount which had been paid, first, upon a common obligation in which Presern was legally and equitably bound to pay one-half, and second, the amount of a judgment for $1,241.70, which one Buchheister had recovered against Presern. After issues joined the cause was referred to a master who reported that Louis Carabelli and Pia Carabelli were the owners of the undivided one-half of the real estate, less the three acres owned by Pauline Carabelli, and that Presern was the owner of the other undivided one-half, but that Louis Carabelli and Pia Carabelli were equitably entitled to recover from Presern $4,943.88, and recommended a decree of partition in which provision be made for the payment of said $4,943.88. Objections to the report were ordered to stand as exceptions. There was a hearing on the exceptions, which were sustained, and October 14, 1931, the chancellor entered the decree appealed from, to reverse which Louis Carabelli and Pia Carabelli have appealed.

The undisputed facts as found by the chancellor are that September 27, 1923, one Thomas W. McFarland acquired title to the premises in question from Thomas Coburn and wife, and to secure the payment of the balance of the purchase price executed his note for

$6,000 and secured the note by a trust deed upon the premises in question. April 7, 1926, McFarland sold the property to Anton Presern, Louis Carabelli and Pia Carabelli, as tenants in common, Presern taking an undivided one-half thereof and Carabelli and his wife the other undivided one-half and these tenants in common assumed and agreed to pay the said $6,000 note secured by said trust deed; they failed to pay the note and Thomas Coburn, the owner of the note and trust deed, filed a bill to foreclose the trust deed in the circuit court of Cook county, in which the said tenants in common were made defendants. A decree of foreclosure was entered and March 30, 1927, the real estate was sold *en masse* to Thomas Coburn. Neither of the tenants in common redeemed the premises within the 12-month period provided by law in which to make redemption.

June 18, 1928, one Herman Carl Buchheister recovered a judgment against Anton Presern in the circuit court of Cook county of Illinois for $1,241.70; June 28, 1928, one Salvatore Iannone recovered a judgment against Louis Carabelli in the circuit court of Cook county of Illinois; that after the expiration of the 12-month period of redemption and within three months thereafter Buchheister redeemed the entire premises in question through the sheriff of Cook county by paying sufficient to satisfy the amount for which the premises were sold at the foreclosure sale and interest and costs; and thereafter within said 15-month period Iannone redeemed all of said premises through the sheriff's office, by paying an amount sufficient to satisfy the judgment of Buchheister against Presern, together with costs and interest, and also an amount which said Buchheister had paid the sheriff when he made his redemption, aggregating $8,646.06. July 24, 1928, the sheriff made a levy upon the premises in question under the execution issued on the Iannone judgment

against Louis Carabelli, and the entire premises were sold to Iannone upon the sale under said execution, and the sheriff issued a deed conveying the entire premises in question to said Iannone. Thereafter Iannone by quitclaim deed conveyed the entire premises to Louis Carabelli and Pia Carabelli, his wife, as joint tenants and later, by written assignment, assigned all his right, title and interest in and to said premises and in and to the right of contribution from Presern by reason of his redemption of said premises under his execution against Louis Carabelli. March 23, 1929, Louis Carabelli and his wife executed a warranty deed conveying an undivided three acres in said premises to Pauline Carabelli.

In the decree the chancellor after making the above findings adjudged that Buchheister by his redemption of the entire premises acquired the interest of Presern and thereby the entire premises were released from the lien of the Coburn trust deed, and that by Iannone's redemption of the whole of the said premises the interest of Presern was released and Iannone acquired only the interest of Louis Carabelli; that the sheriff's deed to Iannone of the entire premises conveyed only the interest of Louis Carabelli and that pursuant to said redemptions and conveyances Anton Presern, Louis Carabelli, Pia Carabelli and Pauline Carabelli are the owners of the premises as tenants in common; Anton Presern being the owner of an undivided one-half, and Louis Carabelli and Pia Carabelli being the owners of the other one-half, less the undivided three acres of the premises conveyed to Pauline Carabelli.

The principal contention of the appellants is that when Iannone made redemption upon his judgment against Carabelli and paid the entire amount for which the real estate had been sold at the foreclosure sale, including the judgment against Presern, he was en-

titled to contribution against Presern for the proportion of that obligation which Presern legally and equitably should have paid. On the other hand, appellee claims that he is now the owner of one-half of the real estate free of the Coburn trust deed and of the Buchheister judgment because Iannone was a mere volunteer and was not entitled in equity to be subrogated to any rights which Buchheister or Coburn had against him, and urges that before it can be held that appellants are entitled to contribution it is necessary to determine whether Iannone was compelled by law to redeem the entire property, or whether or not he could have redeemed only the interest of Louis Carabelli, his judgment debtor.

The right of redemption is purely statutory and the right must be exercised in the manner required by the statute or it will be invalid. (*Durley v. Davis,* 69 Ill. 133.) Section 20, ch. 77, Cahill's Rev. St. 1931, ¶ 20, declares that after the expiration of 12 months, and at any time before the expiration of 15 months, from the sale, any judgment creditor may redeem the premises in the following manner: Such creditor may sue out an execution upon his judgment and place the same in the hands of the sheriff to execute the same, who shall indorse upon the back thereof a levy of the premises to be redeemed; and the judgment creditor shall pay to the sheriff the amount of money for which the premises were sold, with interest at six per cent per annum from the date of the sale, for the use of the purchaser thereof, upon payment of which, the sheriff shall file in the recorder's office of the county in which the premises are situated a certificate of redemption, and shall advertise and offer the premises for sale under said redemption. By section 21 of the same chapter the judgment creditor, having so redeemed, shall be considered as having bid at such sale the amount of the redemption money so paid by him, with interest there-

on, etc., and if no greater amount is paid at such sale the premises shall be struck off to the judgment creditor making such redemption. By section 22 successive redemptions may be made of the premises at any time within 60 days of the last sale at which they were sold for more than the amount of the redemption money, interest and costs, and the premises again sold in the same manner and upon the same terms and conditions, etc. By section 25, any person entitled to redeem may redeem the whole or any part of the premises sold, in like distinct parcels or quantities in which they were sold; and by section 26 any judgment creditor of a joint owner may redeem the interest of such joint owner in the premises sold on execution or decree, in the manner and upon the conditions hereinbefore provided, upon the payment of his proportion of the amount which would be necessary to redeem the whole.

It is appellee's contention that section 26 grants to any judgment creditor of a joint owner the right to redeem only the interest of such owner upon the payment of his proportion of the amount which would be necessary to redeem the whole, notwithstanding section 25 under which any person entitled to redeem may redeem the whole of the premises sold. In other words, appellee would have us consider only section 26 and entirely disregard section 25.

The statutes nowhere provide that a judgment creditor may redeem by paying any less sum than the full amount for which the land is sold, and we have been unable to discover any good reason why we should hold that section 26 is controlling in the instant case and not section 25. The various sections of chapter 77 must be construed as to give effect to the legislative will, bearing in mind that redemptions are looked upon with favor, and where no injury is to follow, a liberal construction will be given to redemption laws, and it has been held that where two or more lots or tracts

of land have been sold *en masse,* the redemption can only be *en masse*—there can be no redemption of a part; when sold *en masse* they can be redeemed only in a like manner; a sheriff would have no right to divide up a bid and apportion it among several tracts of land where the same have been sold *en masse.* (*Oldfield v. Eulert,* 148 Ill. 614, 619; *Bozarth v. Largent,* 128 Ill. 95; *Owens v. Commonwealth Trust Co.,* 183 Ill. App. 605.) The redemption of Iannone did not obliterate the Coburn foreclosure sale, but substituted Iannone for Coburn, the original purchaser. (*Herdman v. Cooper,* 138 Ill. 583.) Iannone, as a judgment creditor of Carabelli, was forced to redeem from the Coburn foreclosure and Buchheister sales *en masse,* as the premises were sold in that manner (*Schroeder v. Bozarth,* 224 Ill. 310, 318), and the effect of his redemption was to transfer to him all the rights belonging to Coburn, the original purchaser. (*Sutherland v. Long,* 273 Ill. 309, 315.)

We now come to the claim of the appellants that the chancellor erred in not providing in the decree that they were entitled to contribution against appellee for the proportion of the obligations which appellee legally and equitably should have paid, appellee contending Iannone was a mere volunteer and was not entitled to be subrogated to any rights which Coburn and Buchheister had against him, and that by redeeming his title is freed of the Coburn indebtedness and the Buchheister judgment, and he retains his original status in the real estate. We think there is no merit in appellee's contention. The obligation to discharge the Coburn indebtedness was mutual, the appellee as well as the appellants being equally bound to pay that indebtedness, and the Buchheister judgment was the sole obligation of the appellee, and a redeeming creditor who redeems in conformity with the statute is not a mere volunteer. The right of contribution rests upon

the principle that where all. are equally liable for the payment of a debt all are bound equally to contribute to that purpose. (*Sledge v. Dobbs,* 254 Ill. 130, 133); and where one tenant in common had removed an incumbrance from the common estate the other tenants must contribute to the extent of their respective interests, and to secure such contribution an equitable lien upon their interests of the same character with that which has been removed will be enforced by a court of chancery. The redeeming tenant in common, in order to secure contribution, is substituted to the same lien which he has redeemed (*Titsworth v. Stout,* 49 Ill. 78, 80), and the principle is equally applicable to the judgment creditor of a tenant in common. (*Fischer v. Eslaman,* 68 Ill. 78, 83.)

The master's report was correct in finding that the appellants were entitled to recover from the appellee $4,943.88. By the decree the chancellor has absolved appellee from paying his obligations. To uphold that decree would give the appellee an unconscionable advantage and work great injustice to the appellants. We cannot concur in the action of the chancellor.

The decree of the circuit court will be reversed and the cause remanded with directions to enter a decree that the appellants are equitably entitled to recover from appellee $4,943.88, together with interest from October 23, 1930, as recommended by the master.

*Reversed and remanded with directions.*

GRIDLEY, P. J., and SCANLAN, J., concur.