(No. 25584.—)

CHARLES J. HRUBY *et al.* Appellants, *vs.* BERNARD STEIN-MAN *et al.*—(BERNARD STEINMAN, Appellee.)

*Opinion filed October 11, 1940—Rehearing denied Dec. 4, 1940.*

ROSENBERG, STEIN & ROSENBERG, (MERWIN S. ROSENBERG, of counsel,) for appellants.

JULIUS A. POLIKOFF, and ALEX MARKELS, for appellee.

Mr. JUSTICE WILSON delivered the opinion of the court:

The plaintiffs, Charles J. Hruby, John Bartunek, Mamie C. Zvolsky, and H. W. Budenbender, as holders of a certificate from a master's sale, filed their complaint in the circuit court of Cook county against Bernard Steinman,

hereinafter called the defendant, the sheriff of Cook county and a master in chancery of the superior court of Cook county, seeking, so far as material here, to restrain the sheriff and the defendant from selling, in completion of the latter's redemption, the property purchased by plaintiffs. A temporary injunction was made permanent on December 24, 1938, when an order was entered perpetually enjoining the sheriff from holding a sale or issuing any certificate or deed based upon defendant's redemption proceeding, and enjoining the defendant from asserting or attempting to obtain by reason thereof any interest in the premises. The Appellate Court for the First District reversed this order and remanded the cause, with directions to dissolve the injunction and dismiss the complaint for the want of equity. (*Hruby* v. *Steinman,* 302 Ill. App. 480.) The cause appears in this court upon leave to appeal granted to the plaintiffs.

By agreement of the parties the case was submitted upon a stipulation of facts. February 17, 1928, Anthony J. Zelenka and Frank A. Kveton, each of whom was the owner of an undivided one-half interest, with their respective wives, executed bonds aggregating $80,000 and secured their payment by a trust deed in the nature of a mortgage on the premises in question. In a proceeding to foreclose the trust deed, instituted in the superior court of Cook county, June 4, 1931, a decree of sale entered June 22, 1935, found due to plaintiffs personally $2110.50 and for the benefit of the owners of the remaining bonds $102,894.65. At the sale held pursuant to the decree July 15, 1936, plaintiffs, as a committee representing holders of bonds aggregating $61,300, purchased the premises *en masse* for $17,000. The owners of the property did not redeem, and on September 21, 1937, after the period of redemption had expired and within the fifteen months reserved for creditors, defendant Steinman placed with the sheriff an execution issued by the clerk of the circuit court of Cook county

upon a transcript of a judgment in the sum of $144.64 entered against Zelenka, August 28, 1937, by a justice of the peace. The same day, defendant, as assignee, delivered to the sheriff a *pluries* execution on a judgment for $6566.67, rendered against Kveton in the circuit court of Cook county April 13, 1933, upon which an execution appears to have been returned unsatisfied. The parties have agreed that the execution against Zelenka is invalid for a jurisdictional reason. With these executions, defendant delivered $18,207, the amount of the sale with statutory interest, and a letter expressing his desire "to make a redemption as a judgment creditor under each and both of said executions of the whole of said premises" and requesting that the sheriff "endorse upon the back of each of said executions the levy of the premises described to be redeemed and take and perform such acts as are required" by the statute. The sheriff made the requested endorsements, issued, and on September 22 caused to be recorded, a certificate of redemption. The sheriff's notice of sale stated that "by virtue of a redemption from a master's sale and a certain *pluries* execution * * * against Frank Kveton, *et al.,* and also by virtue of a certain execution * * * against Anthony J. Zelenka" he would, on October 19, 1937, offer for sale the premises in controversy. Plaintiffs, having paid taxes amounting to $6382.65 on May 19, 1937, failed to deposit the receipted bills with the sheriff. Defendant, when so apprised, offered to deposit this amount in escrow, to be paid to them if he should succeed in purchasing the property and obtaining a deed. This offer the plaintiffs refused to accept. Three days after the entry of the decree of December 24, 1938, and prior to service, on January 13, 1939, of the notice of appeal by defendant, plaintiffs obtained a deed from the master of the superior court and conveyed title to a bank, as trustee, which thereupon executed a mortgage for $15,000 to repay, it is asserted, a loan previously made upon the certificate of sale. Plaintiffs filed a motion to dismiss in the

Appellate Court, charging that the cause had become moot upon issuance of the master's deed, the principal purpose of their suit. This motion was denied.

In order to obtain a reversal, plaintiffs contend that under the statute, defendant's redemption, levy and attempted sale should not have been made *en masse* but separately as to the interest of each co-tenant under his respective executions. Defendant maintains that from a sale *en masse* a redemption *en masse* is required, and that plaintiffs may not attack the levy which was made, and the redemption sale, which, in the absence of a restraining order, would have been held separately under each execution, since their interests are fully served if redemption is made by one entitled to redeem and conformably to the statute.

The authority and procedure for redemptions and execution sales is found in chapter 77 of the Illinois Revised Statutes. Section 20 of the Judgments act (Ill. Rev. Stat. 1939, chap. 77, par. 20, p. 1920) authorizes redemption, within a period of not less than twelve nor more than fifteen months following the sale, by a judgment creditor of an owner who has not himself redeemed. This section requires that the creditor place with the sheriff an execution, together with the amount of the sale and specified interest, and that the sheriff endorse on the execution a levy of the premises to be redeemed, make and file for recording a certificate of redemption, and advertise and offer the premises for sale as in other cases of sale on execution. Sections 21, 22 and 23 provide that the creditor's deposit is to be considered as a bid at the sale, and that he shall receive a deed forthwith unless a higher bid is made, in which event the purchaser will obtain a certificate of sale, and there may be successive redemptions. Section 25 authorizes redemption of part of the premises in like distinct parcels or quantities as they were sold, and section 26 permits redemption of the interest of a joint owner by payment of his proportionate part of the entire sale price.

Redemptions, although a statutory privilege, and to be exercised in substantial compliance with the statute, (*Herdman* v. *Cooper*, 138 Ill. 583,) nevertheless are looked upon with favor, and unless injury is to result, a liberal construction will be given the redemption laws. (*Schuck* v. *Gerlach*, 101 Ill. 338.) The recognized purpose of redemptions is to benefit the debtor through the satisfaction of as many of his debts as possible, and, equally, to benefit creditors by affording them an opportunity to obtain payment of their judgments. To this end redemptions are permitted in so far as the provisions of the statute fairly authorize them. (*Kerr* v. *Miller*, 259 Ill. 516; *Oldfield* v. *Eulert*, 148 id. 614; *Lamb* v. *Richards*, 43 id. 312; *Sweezey* v. *Chandler*, 11 id. 445.) During the period of redemption, the title remains in the owner, and the certificate holder, vested with no title, either legal or equitable, has only the alternative right to receive the redemption money or, if no redemption is made, a deed. (*Harper* v. *Sallee*, 372 Ill. 199; *Klein* v. *Mangan*, 369 id. 645; *Hack* v. *Snow*, 338 id. 28; *Williams* v. *Williston*, 315 id. 178.) A certificate holder may contest the qualifications of a creditor who redeems under a void judgment or execution, and may rely upon a creditor's failure to fulfill plain statutory requirements, as in placing the redemption money with a master instead of the sheriff, or neglecting to deliver to the sheriff an execution on his judgment. (*Meyer* v. *Mintonye*, 106 Ill. 414; *Littler* v. *People*, 43 id. 188; *Stone* v. *Gardner*, 20 id. 304.) When the creditor complies with the express statutory provision, however, the certificate holder may not rely upon an irregularity unless it is of substantial merit and injuriously affects his own interests. (*Zeman* v. *Ward*, 260 Ill. 93; *Kerr* v. *Miller, supra; Whitehead* v. *Hall*, 148 Ill. 253.) That he may be deprived of a deed will not avail him, as his right to the land is no higher or more sacred than to the redemption money, and the statute holds out no inducements for a speculation at a sheriff's sale, beyond

the interest provided for the use of the purchase money. *Phillips* v. *Demoss,* 14 Ill. 410.

A single redemption under several executions has always been recognized as valid. (*Oldfield* v. *Eulert, supra; Fischer* v. *Eslaman,* 68 Ill. 78; *Lloyd* v. *Karnes,* 45 id. 62.) In the recent case of *Dorris* v. *Johnson,* 363 Ill. 236, a creditor who redeemed *en masse* under separate executions against each of two co-owners, was held entitled to deeds pursuant to sales of the entire premises under each execution. It is settled that a redemption from a sale *en masse* must be of the entire premises, and not of any partial interest or separate tract, since from the remainder the purchaser might be unable to obtain the unpaid balance. (*Oldfield* v. *Eulert, supra; Bozarth* v. *Largent,* 128 Ill. 95; *Durley* v. *Davis,* 69 id. 133; *Oliver* v. *Croswell,* 42 id. 41; *Hawkins* v. *Vineyard,* 14 id. 26.) Consequently, the established method of redemption by a creditor of one co-tenant is by paying the entire sale price and redeeming the whole of the premises, although he thereby will obtain title only to the interest of his debtor, and the other co-tenant will retain his interest released from the lien of the sale. (*Sledge* v. *Dobbs,* 254 Ill. 130; *Schroeder* v. *Bozarth,* 224 id. 310; *Huber* v. *Hess,* 191 id. 305; *Bozarth* v. *Largent, supra; Fischer* v. *Eslaman, supra; Durley* v. *Davis, supra.*) We are, however, not concerned with the rights, if any, of the co-tenant. Under section 26 of the applicable act, redemption of only the interest of a joint owner is now allowed. This section is not mandatory, but permissive, however, and does not require a creditor to redeem only the interest of his debtor, or, separately of each of two judgment debtors who together own the entire property. The owners of the premises involved herein have made no complaint against the defendant's redemption, and since the period for their redemption has expired, would not be heard to complain. (*Sutherland* v. *Long,* 273 Ill. 309; *Oldfield* v. *Eulert, supra.*) If section 26 applies to the present case, no basis

is apparent for compelling a creditor to exercise his privilege of making a partial redemption at the instance of one for whose protection partial redemptions have heretofore been held to be invalid.

Plaintiffs assail the validity of a single levy and sale under executions against different defendants. The sheriff did not, as plaintiffs urge, make a single levy, but endorsed a levy of the entire premises separately upon each execution. The notice for sale, reciting each execution as an independent basis, was, in effect, a notice to sell separately under each execution. Even though it should be conceded that a sale should have been held under each execution, the plaintiffs fail to show wherein their interest has been injuriously affected. Whether a single sale would cause confusion in the distribution of its proceeds, prevent successive redemptions, or result in an invalid title in the purchaser is not their proper concern. The redemption sale is provided not for the benefit of the certificate holder, but so that the redeeming creditor may be repaid his deposit, and other creditors may make successive redemptions. (*Oldfield* v. *Eulert, supra; Oliver* v. *Croswell, supra.*) Plaintiffs are entitled only to receive the redemption money from a source authorized to redeem, and have no interest of any nature in the title. (*Zeman* v. *Ward, supra.*) Defendant, as a judgment creditor of one owner, is a person authorized to redeem, and has done all that is required of him by the statute. That the interests of the certificate holder, as stated in *Sutherland* v. *Long, supra,* relied upon by plaintiffs, are not extinguished until he accepts the money or a valid redemption is completed, means only that until then he may object to such irregularity, but to none other, as affects his interests injuriously.

Plaintiffs contend, further, that by reason of asserted equities they are entitled to special consideration. Having completely dominated the foreclosure sale, they cannot now urge that their own bid was less than the value of the prem-

ises. (*Ogle* v. *Koerner*, 140 Ill. 170; *Lloyd* v. *Karnes,* *supra.*) Nor are their equities increased by a possible loss of tax payments for which they failed to deposit receipted bills in accordance with the statute. (*Garden City Sand Co.* v. *Christley,* 289 Ill. 617.) Their refusal of defendant's offered escrow deposit was clearly motivated by fear that he might obtain a deed, rather than that through his failure so to do they might not be paid. While urging that they might now receive less than have the non-depositing bondholders, plaintiffs apparently deem it equitable that, had no redemption been made, they would have held the same advantage through their own bid, admitted to be considerably less than the value of the premises. We perceive neither irregularity in the redemption nor equitable basis for according plaintiffs exceptional consideration.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*