Anna Brassard Muir, Appellee, v. Anna Mierwin et al., Appellants.

Gen. No. 9;807.

Opinion filed April 28, 1943. Rehearing denied June 23, 1943.

Samuel H. Shapiro, of Kankakee, for appellants.

C. M. Granger, of Kankakee, for certain appellees.

Mr. Justice Wolfe delivered the opinion of the court.

Anna Mierwin of Kankakee county, Illinois, for a consideration of one dollar, conveyed and warranted

to her eight children, certain real estate in Kankakee county, Illinois. The deed was made subject to a certain mortgage, which she made chargeable against the share of four of the grantees. The first was against John Mervin, and if his share should not be sufficient to take care of the incumbrances, then Frank Mervin's share should be chargeable for the deficiency, and if his share should not be sufficient to take care of the deficiency, the share of George Mervin should be chargeable with said deficiency, and if all of these are not sufficient to take care of the deficiency, then any deficiency shall be a charge against all of the grantees. Under a decree of foreclosure, the property was sold for more than the amount of the mortgage, and the master in chancery had $1,202.03 to pay to the owners of the property. About eleven and one-half months after the property was sold by the master in chancery, under the mortgage foreclosure, three of the grantees of the deed paid to the master in chancery, $386.95 each, in an attempt to redeem their interest in the real estate from the mortgage foreclosure.

At the foreclosure sale, Mary E. Novack and Stella Wilken were the successful bidders, and a certificate of purchase was issued to them by the master in chancery. These parties objected to the owners of the property redeeming their proportionate share of the same, and so notified the master in chancery. Mary Novack and Stella Wilken filed a motion in the foreclosure suit in the circuit court asking that the court compel the master in chancery to issue a deed to them according to their certificate of purchase. The case was heard before the court who ordered the master in chancery to execute and deliver to Mary E. Novack and Stella Wilken, a deed conveying the premises involved in the foreclosure suit, upon their payment of the statutory fees. It is from this decree that the three grantees in the deed, who had attempted to redeem their proportionate part of the premises, have perfected an appeal to this court.

It is insisted by the appellee in the case that a free-hold is involved in this suit, and therefore the appeal is not proper in this court, and should be dismissed. Whether a freehold was involved in a case was before the Supreme Court, in the case of *Harper v. Sallee,* 372 Ill. 199. On page 203, we find this language: "The decree also directed the master to issue to plaintiff a deed to the two-thirds interest, upon surrender of the certificate of redemption and, further, ordered defend-ant to pay to plaintiff within thirty days one-third of the redemption money, less a credit for rents, and, in default of such payment, a sale of her one-third in-terest. Defendant appeals directly to this court and plaintiff has prosecuted a cross-appeal from the por-tion of the decree adverse to him.

"A freehold is involved where either the necessary result of the judgment or decree is that one party gains and the other loses a freehold estate, or where the title to a freehold is so put in issue by the pleadings that the determination of the case necessarily requires a decision with respect to the ownership of the real es-tate in controversy. (*Swinson v. Sodaman,* 369 Ill. 442; *Wright v. Logan,* 364 id. 33; *Lennartz v. Boddie,* 304 id. 484; *Burroughs v. Kotz,* 226 id. 40.) For this court to entertain jurisdiction of a direct appeal upon the ground that a freehold is involved, the freehold must be directly, and not collaterally, contingently or incidentally involved. (*Kagy v. Luke,* 357 Ill. 512.) Here, the question of title, if any, is only incidental or collateral to the right to redeem from the foreclosure sale." The holder of the certificate of purchase had certain rights and during the period of redemption, the title remains in the owner of the mortgaged property, and the certificate holder is vested with no title, either legal or equitable and has, only the alternative right to receive the redemption money, or if no re-demption is made, to receive a deed,—*Hruby v. Stein-man,* 374 Ill. 465, 471. It is our conclusion that there

is no freehold involved in this suit, and the appeal is properly brought to this court.

Section 26, ch. 77, Smith-Hurd's Ann. Stats. [Jones Ill. Stats. Ann. 107.177], provides as follows: "Any joint owner, his executors, administrators or assigns, or a decree or judgment creditor of such joint owner, may redeem the interest of such joint owner in the premises sold on execution or decree, in the manner and upon the conditions hereinbefore provided, upon the payment of his proportion of the amount which would be necessary to redeem the whole. (As amended by act approved June 27, 1921.)" The appellants insist that under the terms of this statute, they were permitted to redeem their proportionate shares in the mortgaged premises. The case of *Schuck v. Gerlach,* 101 Ill. 338 decides this question and it is there stated: "It is claimed that redemption could not be made of an undivided interest,—that the whole sum for which the land sold, with interest, should have been paid, in order to effect a redemption. The position of appellant on this point, under the statute of 1845, would no doubt be correct, as held in *Durley v. Davis,* 69 Ill. 133; but under our present statute a joint owner of land sold may redeem whatever interest he has in the land sold, upon payment of his proportion of the amount which would be necessary to redeem the whole." This case is cited and approved in *Nudelman v. Carlson,* 375 Ill. 577. In the case of *Harper v. Sallee,* 376 Ill. 540, Harper claimed that he was compelled to redeem, en masse, and the court, in discussing his contention, uses this language: "Harper says he was compelled to redeem en masse, because this was the manner in which the property was sold under the foreclosure of the first mortgage. Section 26 of the Judgments act (Ill. Rev. Stat. 1939, ch. 77, par. 26 [Jones Ill. Stats. Ann. 107.177]) permits any joint owner or a decree or judgment creditor of such joint owner to redeem the interest of the debtor from an execution or decree sale, by payment of the proportionate amount

which would be required to redeem all of the land sold. Under this section redemption of an undivided interest is permissive.''

It is insisted by the appellees, that although the appellants may have had the right to redeem their interest in the mortgaged premises, they did not comply with the statute, and pay to the master their proportionate amount of the indebtedness and foreclosure costs, therefore they are barred from their right of redemption. Three hundred eighty-six dollars and ninety-five cents was actually paid by each of the plaintiffs and according to the appellee's figures, there should have been paid $390.32 and a master's fee of two dollars as a recording fee. When the master accepted the payment of $386.95 from each of the appellants, he did not refuse to let the plaintiffs redeem their property because of an insufficient, or improper tender, but on the theory that the appellants had no right to redeem. We find nothing in the abstract or record in this case to show that the question of whether the appellants had tendered a sufficient amount to redeem their property was ever raised in the trial court. Redemption, although a statutory privilege, is to be exercised in a substantial compliance with the statute, and is looked upon with favor, and unless an injury is to result, a liberal construction will be given to the redemption laws. The purpose of redemption is to benefit the debtors by offering them an opportunity to obtain payment for their judgment. (*Hruby v. Steinman, supra.*) There is no dispute that the master in chancery had in his hands over $100 that should be distributed to each of the appellants under the terms of the foreclosure decree. This is a suit in equity and equitable principles should prevail. Under the statute the appellants had a clear right to redeem their proportionate share of the mortgaged premises, and upon the tender of the proper amount, should be given that privilege, and if the proper amount was not tendered to the master, his refusal should have been based upon

that ground, so that the proper amount could be tendered at that time.

It is our conclusion that the trial court erred in decreeing that a deed should be issued to the holders of the certificate of purchase, and in denying the appellants the right to redeem their proportionate shares of the mortgaged property. The case is reversed.

*Reversed.*