ROBERT C. CHRISTENSON, Plaintiff-Appellee, v. BROADWAY BANK AND TRUST COMPANY, Defendant-Appellee (Federal Deposit Insurance Corporation, Receiver of Penn Square Bank, N.A., Proposed Intervening Defendant-Appellant).

First District (1st Division)   No. 83—2386

Opinion filed December 24, 1984.

Michael F. O'Brien, of Paddock, McGreevy & Johnson, of Rockford, for appellant.

Mairen C. Kelly and Edward J. Egan, both of Chicago, for appellee Robert C. Christenson.

Kanter & Mattenson, Ltd., of Chicago, for appellee Broadway Bank and Trust Company.

JUSTICE McGLOON delivered the opinion of the court:

The Federal Deposit Insurance Corporation (FDIC) appeals the denial of its petition to intervene in a suit for injunctive relief brought by plaintiff, Robert C. Christenson, against Broadway Bank and Trust Company. On appeal, FDIC argues it is entitled to intervene as a matter of right because it is the successor beneficiary of a letter of credit which is the subject of the suit for injunctive relief.

We affirm.

On November 20, 1980, plaintiff subscribed as a limited partner in the Eagle Petroleum Program-1980. Pursuant to that subscription, plaintiff authorized Broadway Bank to issue an irrevocable commercial letter of credit whereby Penn Square Bank, N.A., was extended credit of $62,500. The instrument specified that all drafts drawn on the letter must be accompanied by evidence of plaintiff's obligation "arising out of his subscription to the Partnership." The letter also specified that any drafts drawn on the letter must be presented to Broadway Bank on or before February 28, 1983. On July 5, 1982, Penn Square was declared insolvent by the Comptroller of the Currency, and FDIC was appointed receiver.

By letter dated July 9, 1982, Broadway Bank was informed that plaintiff was investigating malfeasance in the conduct of Penn Square and Eagle, and that plaintiff believed he no longer had any obligation under his subscription to the partnership. On September 21, 1982,

FDIC attempted to draw the full amount of the letter of credit. Broadway Bank dishonored the demand because the demand was not accompanied by evidence of plaintiff's obligation to the partnership. The bank returned the FDIC draft and all documentation presented by the FDIC.

On November 19, 1982, plaintiff filed suit to enjoin Broadway Bank from honoring drafts drawn on the letter of credit. According to plaintiff's complaint, the solicitation of subscribers for the partnership violated both Federal and Illinois securities law, and plaintiff was induced to subscribe through fraud and misrepresentation. The complaint also alleged the general partner of Eagle informed plaintiff that FDIC had agreed not to collect on letters of credit until at least February 1, 1983, and that FDIC would attempt to resolve claims of creditors without drawing on the letters of credit at any time. Furthermore, plaintiff alleged that although Penn Square and FDIC "were aware of the voidability of the underlying securities transaction," FDIC tried to collect on plaintiff's letter of credit.

The circuit court entered a temporary restraining order enjoining Broadway Bank from honoring drafts drawn on the letter on November 19, 1982. On November 29, 1982, the order was converted into a preliminary injunction to remain in effect until further order of the court.

The record includes a letter dated December 2, 1982, from attorneys from Broadway Bank informing the FDIC in Oklahoma City of the issuance of the injunction. The letter indicated counsel advised Broadway Bank not to honor any drafts drawn on the letter of credit.

On May 13, 1983, FDIC filed a petition to intervene in the suit for injunctive relief, a motion to remove the case to Federal court, and a motion to dissolve the injunction. The trial court denied FDIC's petition to intervene.

The Code of Civil Procedure allows intervention as a matter of right only when the party can show an interest in the subject of the action. (Ill. Rev. Stat. 1983, ch. 110, par. 2—408.) "The interest must be direct and substantial and it must also be a specific, enforceable and recognizable right ***." (*People v. Roush* (1982), 111 Ill. App. 3d 618, 621, 444 N.E.2d 625.) "The terms and conditions of the letter of credit determine and govern the bank's obligation to pay. *** The documents which are presented by the beneficiary of a credit must comply with those stipulated in its terms." (*Pastor v. National Republic Bank* (1979), 76 Ill. 2d 139, 151-52, 390 N.E.2d 894.) "[W]here a date is fixed in a letter of credit for its expiration, such provision becomes an important condition, and there must be strict compliance

with it before there can be liability ***." *Liberty National Bank & Trust Co. v. Bank of America National Trust & Savings Association* (10th Cir. 1955), 218 F.2d 831, 840-41.

■ In the case at bar, the letter of credit provides specifically that all drafts and supporting documentation must be presented to Broadway Bank on or before February 28, 1983. FDIC filed its petition to intervene on May 13, 1983, 2½ months after the expiration of the letter of credit. According to the explicit terms of the letter of credit, Broadway Bank had no further obligation under the letter at the time of FDIC's petition to intervene. Therefore, FDIC no longer had an enforceable interest in the subject matter of plaintiff's suit and was not entitled to intervene as a matter of right.

We reject FDIC's argument that plaintiff's suit and the subsequent injunction acted to toll the expiration date of the letter of credit. FDIC relies on *Edgewater Construction Co. v. Percy Wilson Mortgage & Finance Corp.* (1976), 44 Ill. App. 3d 220, 357 N.E.2d 1307, and *Hruby v. Steinman* (1939), 302 Ill. App. 480, 24 N.E.2d 175, *aff'd* (1940), 374 Ill. 465, 30 N.E.2d 7, which we find distinguishable from the case at bar.

In *Edgewater*, the injunction imposed by the trial court specifically ordered the bank to extend the letters of credit during the pendency of the litigation. (44 Ill. App. 3d 220, 221.) Furthermore, the beneficiary had demanded payment prior to the suit for injunction, and that demand was pending while the litigation commenced. In contrast, in the case at bar, there was no pending demand on the letter at the time of either the suit for injunction or the petition to intervene. Although FDIC had previously made a demand on the letter, Broadway Bank explicitly and unequivocally dishonored that request, two months before plaintiff initiated the instant suit and approximately 6½ months before FDIC filed its petition to intervene.

In *Hruby*, the court noted:

"The injunction should not be permitted to stand because of the inequitable position taken by the plaintiffs. While this suit was pending, although they obtained an injunction for the purpose of preserving a status, the plaintiffs demanded and obtained from the master in chancery a deed of sale, although the running of the time for the issuance of the bill of sale was caused by the issuance of the injunction which was supposed to stop all proceedings." (*Hruby v. Steinman* (1939), 302 Ill. App. 480, 501.)

■ We reject FDIC's contention, based largely on *Hruby*, that because plaintiff obtained the injunction without notice, allowing the let-

ter to expire without allowing FDIC to intervene would be inequitable. First, FDIC was informed of the injunction by letter dated December 2, 1982. Therefore, FDIC had almost three months to petition to intervene during the natural life of the letter, and we see no exigent circumstances which would explain its tardiness. Second, there is no evidence to indicate FDIC was actually prejudiced by the injunction. FDIC never presented a second draft on the letter, and there is no indication that FDIC was dissuaded from drawing on the letter because of the injunction. Furthermore, unlike the plaintiff in *Hruby*, plaintiff here did not use the injunction as a shield to take positive action to alter the respective positions of the parties.

The instant injunction did not alter the explicit terms of the letter of credit. FDIC, either through a conscious decision or through inaction, allowed the letter of credit to expire. We do not believe that FDIC should have been given another chance to collect on the expired letter of credit through its petition to intervene.

For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

Judgment affirmed.

CAMPBELL and O'CONNOR, JJ., concur.